*1097 OPINION.
Van Fossan:
From the stipulated facts set forth above, we are asked to determine whether or not the sum of $6,500, which the taxpayer received from the McCourt Amusement & Investment Co., was taxable income to petitioner. The argument of petitioner is that the payment of said sum was a return of capital in repayment of sums advanced by petitioner in preceding years to make up operating deficits, and therefore nontaxable. The position of Commissioner is that the $6,500 payment constituted a dividend within the meaning of the Revenue Act of 1918 and was taxable as such.
On the submitted facts it is impossible for us to determine either as a matter of law or as a matter of fact, the nature of the payment made to petitioner. The language of the stipulation is simply that “ in the year 1920 taxpayer received the following payments from the Company: * * We have no information from which we may determine whether the payments were made pursuant to a resolution declaring a dividend, or were in repayment of loan, or interest on the loans, or were return of capital advanced. The stipulation does not use the statutory word “ distribution.” We have simply the bare statement that taxpayer received the payments. The word “payment ” may comprehend any number of transactions. It is susceptible of innumerable interpretations. Any attempt to determine from the above facts the legal effect of the payments would be bare speculation.
The argument of counsel contains certain statements, which, if proved as facts, might have given us a basis for a decision on the merits, but argument is not evidence, and facts so stated can not be assumed.
In the absence of facts sufficient to enable us to form a conclusion as to whether or not the Commissioner erred, we have no alternative. The deficiency is approved.

Judgment will he entered for the respondent.

Considered by Maequette, Milliken, and Phillips.